IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAWSON PRODUCTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 17 C 1250 |
| | ) | |
| v. | ) | Jeffrey T. Gilbert |
| | ) | Magistrate Judge |
| MIDWEST MOTOR SUPPLY COMPANY | ) | |
| d/b/a KIMBALL MIDWEST, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Lawson Products, Inc.'s motion to compel and Defendant Midwest Motor Supply Company d/b/a Kimball Midwest's motion to compel, both of which are included in the parties' Joint Motions to Compel [99], are denied. Now that these last discovery motions have been decided, the parties shall file by December 13, 2018, a deposition plan that identifies the depositions each party now believes it will take and the dates upon which those depositions either have been confirmed or are noticed to occur prior to the fact discovery close date of February 8, 2019 [89]. Status hearing set for December 17, 2018, at 10:00 a.m. See Statement below for details.

## STATEMENT

### I. Plaintiff Lawson's Motion to Compel

As a threshold matter, Plaintiff Lawson Products, Inc. ("Lawson") cites an outdated discovery standard in support of its motion. Lawson says its discovery is appropriate because it is reasonably calculated to lead to the discovery of admissible evidence. Joint Motion [99] at 3. That is no longer the standard in federal court. The Federal Rules of Civil Procedure were amended effective December 1, 2015. Rule 26(b)(1) now permits discovery only if it is relevant to a party's claim or defense and proportional to the needs of the case considering certain enumerated factors. Fed.R.Civ.P. 26(b)(1). Under the amended rules, discovery that is reasonably calculated to lead to the discovery of admissible evidence still may be too broad, unduly burdensome, and not proportional to the needs of a case and, therefore, may not be permitted.

That is the situation here with respect to the requests for production flagged by Lawson's motion to compel. Lawson's Requests for Production 37-40 are unduly burdensome and the information they seek is not proportional to the needs of the case particularly in view of the willingness of Defendant Midwest Motor Supply Company d/b/a Kimball Midwest ("Kimball") to stipulate that it does not manufacture and is not the original source of any of the products advertised in its catalogue or online.

1

Lawson says the documents it is requesting from Kimball are important building blocks for its defense to Kimball's trademark infringement claims and it would not take Kimball much time to gather and produce those documents. The Court disagrees. First, Kimball says it does not have the documents Lawson is requesting. Second, Lawson's request calls for Kimball to produce documents for 67 separate products even if the number of documents Lawson is asking for per product is limited. Kimball's proposed stipulation should be sufficient for Lawson's purposes.

There are instances in which a party need not accept nor should a court require it to accept an opposing party's stipulation to a fact because it would be more effective at trial for the first party to prove up the fact before the jury rather than with a stipulation. This is not such a case. The stipulation that Kimball has agreed to provide addresses completely Lawson's purported need to establish that Kimball is not the exclusive user of the yellow and black color scheme under Lawson's articulated defense theory. Further, Lawson's theory of defense, if it is viable which Kimball disputes, appears to be amenable to summary judgment practice particularly with Kimball's stipulation, so the importance of forcing Kimball to produce documents that would establish (in Lawson's view) the same thing as Kimball's proposed stipulation is even more attenuated.

Lawson also says Kimball's proposed stipulation does not fully address Lawson's claim that Kimball's choice of colors is not only nonexclusive to Kimball but also that its choice of colors is functional. The Court does not fully understand Lawson's argument in this regard. Regardless, though, Lawson says it is seeking "information which could reasonably be calculated to lead to admissible evidence on the functionality of [Kimball's] color scheme." Joint Motion [99] at 6. Again, "reasonably calculated to lead to admissible evidence" is not the standard under the Federal Rules. If the stipulation will do the trick here as well, then there is no need and no basis under the rules to require Kimball to produce documents that are "reasonably calculated to lead to admissible evidence."

Finally, as noted above, Kimball says it does not have any more documents to produce in response to Lawson's requests for production than what it already has produced. If that is true, then Kimball's proposed stipulation gets Lawson more than it may get from Kimball's documents alone and certainly more than it would get from documents Kimball says it does not have in its possession, custody, or control.

Accordingly, the Court sees no reason that Kimball's proposed stipulation is not sufficient for Lawson's purposes. Kimball says it will sign a stipulation if requested by Lawson. Joint Motion [99] at 8. Kimball should prepare and tender to Lawson the stipulation it is prepared to sign within seven days of the date of this Order. In all other respects, Lawson's motion to compel is denied.

## II. Defendant Kimball's Motion to Compel

In its dueling motion to compel, Kimball complains that Lawson has not been fully forthcoming in responding to Kimball's interrogatories and requests for production of documents designed to uncover the facts underlying Lawson's trademark infringement claims. Kimball, the

2

original defendant in this case, professes to find it difficult to believe that Lawson's affirmative trademark claims (Kimball also has sued Lawson for trademark infringement) are based only on what Lawson sees as the very thin evidence Lawson has produced to date to support those claims.

In response to Kimball's motion, Lawson says it has fully answered all of Kimball's interrogatories and produced all the documents in has in its possession, custody, and control that support its claims. The Court has reviewed Lawson's discovery responses. Although Lawson dribbled out those responses as Kimball continued to push for more detail, Lawson appears now at least to have provided minimally responsive answers to Kimball's interrogatories and produced whatever documents it has that are responsive to the requests for production at issue in Kimball's motion to compel. In the Court's view, nothing would be served by requiring another round of supplementation by Lawson in advance of deposition practice designed to flesh out more surely the basis for Lawson's claims.

In particular, Kimball complains that Lawson has not fully answered its Interrogatory No. 4 because Lawson has not identified each of the alleged "instances" in which joint clients serviced by both Lawson and Kimball were holding Exhibit 1 to the complaint, the identity of Lawson's "team" that witnessed these events, or the identity of the "joint clients." But Lawson has identified one "instance," identified its employees involved in the incident, and identified what appears to be one joint client. Lawson says it has no more responsive information. So, that may be all there is to support Lawson's claim and everything else Kimball has heard from Lawson may be somewhat hyperbolic. Regardless, though, the Court does not see that anything more would be served by continuing the written fencing over these issues. Kimball can take depositions of the people involved and get more information more directly and quickly than it is likely to get with another round of attorney-drafted interrogatory answers.

The Court views Kimball's other requests for supplementation in the same vein. The fact that Kimball says it cannot find any support for certain of Lawson's claims in the documents Lawson has produced in response to Kimball's Requests for Production Nos. 4 and 32 is not a reason for the Court to order Lawson to supplement its production when Lawson says it has produced all the documents it has that are responsive to these requests. It is possible that Lawson has no additional documentary support for its claims, or that depositions will reveal something that Kimball is missing in Lawson's documents. But the Court cannot order Lawson to produce documents it says it does not have in its possession, custody, or control.

In the same vein is Kimball's request that Lawson be required to supplement its answer to Kimball's Interrogatory No. 7 about Lawson's use of "a composite of yellow and black to brand products." This may be a dispute about semantics, or a disagreement about how each party interprets particular facts or documents. Or it may be a failure to communicate. Again, though, the Court does not see any point in requiring Lawson to continue to wordsmith or supplement its answer to this interrogatory.

Kimball also asks the Court to bar Lawson from presenting any evidence in this case other than what it has provided or produced to date in its responses to Kimball's discovery requests. Indeed, this may be the main thrust behind Kimball's motion given its view and frustration that there may be not much to Lawson's claims at least based on the way Kimball views the "evidence"

3

Lawson has produced to date. But Kimball cites no basis for the Court enter such a preclusive order at this juncture, and the Court can see no basis for doing so. If such an order becomes appropriate as the case proceeds or if Lawson is shown not to have been forthright and complete in responding to Kimball's discovery requests, then the Court can deal with that situation if or when it arises.

      Accordingly, for all these reasons, both parties' motions to compel included in their Joint Motions to Compel [99] are denied. The parties shall file by December 13, 2018, a deposition plan that identifies the depositions each party now believes it will take and the dates upon which those depositions either have been confirmed or will be noticed to occur prior to the fact discovery close date of February 8, 2019 [89]. Status hearing set for December 17, 2018, at 10:00 a.m.

      It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: November 27, 2018